IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

RONALD J. TRAGGAI, JR. )
) No. CV 15-1075
v. )

CAROLYN W. COLVIN

**OPINION AND ORDER**

**SYNOPSIS**

Plaintiff filed an application for disability insurance benefits pursuant to Titles II and XVI of the Social Security Act, based on allegations of mental and physical impairments, with a date of onset of August 24, 2012. Plaintiff's claim was denied initially and upon hearing before an administrative law judge ("ALJ"). The ALJ's decision denying benefits was issued on July 25, 2014. Subsequently, Plaintiff received an award of benefits dated November 24, 2015 (the "2015 Award"), based on an application filed soon after the ALJ denied his initial application. Before the Court are the parties' Cross-Motions for Summary Judgment. For the following reasons, Plaintiff's Motion will be denied, and Defendant's granted.

**OPINION**

**I.    STANDARD OF REVIEW**

Judicial review of the Commissioner's final decisions on disability claims is provided by statute. 42 U.S.C. §§ 405(g) 6 and 1383(c)(3)7. Section 405(g) permits a district court to review the transcripts and records upon which a determination of the Commissioner is based, and the court will review the record as a whole. See 5 U.S.C. §706. When reviewing a decision, the district court's role is limited to determining whether the record contains substantial evidence to support an ALJ's findings of fact. Burns v. Barnhart, 312 F.3d 113, 118 (3d Cir. 2002).

Substantial evidence is defined as "such relevant evidence as a reasonable mind might accept as adequate" to support a conclusion. Ventura v. Shalala, 55 F.3d 900, 901 (3d Cir. 1995) (quoting Richardson v. Perales, 402 U.S. 389, 401, 91 S. Ct. 1420, 28 L. Ed. 2d 842 (1971)). If the ALJ's findings of fact are supported by substantial evidence, they are conclusive. 42 U.S.C. § 405(g); Richardson, 402 U.S. at 390.

A district court cannot conduct a de novo review of the Commissioner's decision, or re-weigh the evidence of record; the court can only judge the propriety of the decision with reference to the grounds invoked by the Commissioner when the decision was rendered. Palmer v. Apfel, 995 F.Supp. 549, 552 (E.D. Pa. 1998); S.E.C. v. Chenery Corp., 332 U.S. 194, 196 - 97, 67 S. Ct. 1575, 91 L. Ed. 1995 (1947). Otherwise stated, "I may not weigh the evidence or substitute my own conclusion for that of the ALJ. I must defer to the ALJ's evaluation of evidence, assessment of the credibility of witnesses, and reconciliation of conflicting expert opinions. If the ALJ's findings of fact are supported by substantial evidence, I am bound by those findings, even if I would have decided the factual inquiry differently." Brunson v. Astrue, 2011 U.S. Dist. LEXIS 55457 (E.D. Pa. Apr. 14, 2011) (citations omitted).

**II.    THE PARTIES' MOTIONS**

First, Plaintiff contends that the ALJ failed to properly consider the opinions of his treating physicians, Dr. Lamago and Dr. Wolz. In particular, he notes that Dr. Lamago indicated that Plaintiff was temporarily disabled, and that Dr. Wolz indicated on December 31, 2012 that Plaintiff would be off work pending reevaluation on January 28, 2013.

The ALJ gave little weight to the opinions of Drs. Lamago and Wolz. He explained that the opinions were not consistent with the medical record, which the ALJ thoroughly discussed, and because the physicians did not explain why Plaintiff would be disabled. Neither Dr. Wolz

2

nor Dr. Lamago opined as to Plaintiff's functional capacity, in more than conclusory fashion; Plaintiff does not contend otherwise. Dr. Lomago simply checked "temporarily disabled" on a Pennsylvania Department of Welfare Employability Assessment Form, and listed Plaintiff's diagnoses. Similarly, Dr. Wolz simply authored a letter stating, "The above named patient will continue to be off work and will be re-evaluated for his condition at his next appointment." A treating physician's assertion that a plaintiff is "disabled" or "unable to work" is not dispositive of disability, which is an issue for the ALJ. Brown v. Colvin, 2015 U.S. Dist. LEXIS 38531 (W.D. Pa. Mar. 26, 2015). Moreover, "[w]hether or not plaintiff was considered to be disabled for purposes of receiving state welfare benefits is irrelevant herein." Taylor v. Astrue, 2010 U.S. Dist. LEXIS 33376 (W.D. Pa. Apr. 5, 2010). Under the circumstances, the ALJ was entitled to give these opinions little weight, and I find no error in his approach.

Next, Plaintiff complains that the ALJ erred in determining his residual functional capacity ("RFC"), because there is evidence that he cannot do the work noted in the RFC. Plaintiff points to his medical records, as well as his own testimony regarding fatigue and pain, and posits that they contradict the RFC. Similarly, Plaintiff argues that because he needs to lie down for an hour or so daily, and due to the fatigue reflected in his medical records, he would be off task more than ten percent of the workday. Thus, he says, the ALJ should not have ignored the vocational expert's testimony that being off task for that percentage would render a person unable to engage in work activity. It is true that "[r]arely can a decision be made regarding a claimant's [RFC] without an assessment from a physician regarding the functional abilities of the claimant." Gormont v. Astrue, 2013 U.S. Dist. LEXIS 31765, at *27 (M.D. Pa. 2013); Godson v. Colvin, 2015 U.S. Dist. LEXIS 58100 (W.D. Pa. May 4, 2015). Plaintiff does not contend that nothing in the record supports the RFC; instead, he argues that there is evidence against the RFC.

3

Indeed, the ALJ did rely on the medical opinions of two state agency consultants, whose opinions supported the RFC.[1] Reading the decision as a whole, it appears that the ALJ incorporated those limitations that he accepted as supported by the record. As stated supra, my role on appeal is limited, and I cannot re-weigh the evidence de novo. Accordingly, I find no harmful error here.

Finally, Plaintiff asserts that Defendant's subsequent finding of disability entitles him to disability as alleged in his initial application. This argument rests on the 2015 Award, relating to Plaintiff's benefits application filed subsequent to the ALJ decision at bar. The Explanation of Determination accompanying the 2015 Award stated as follows:

> [A]lthough your condition became disabling on your alleged onset date, in making our determination we concluded that the evidence we received does show your condition was disabling on 08/23/2012. However, you had a prior claim adjudicated by an [ALJ] on 07/25/2014. Therefore, in keeping with SSA policy we have determined that the earliest possible onset date which can be established for your current claim is 07/26/2014, the day after the ALJ decision. Considering the severity of your condition at that time and the medical experience with your type of condition, we are establishing 07/26/2014 as the date your disability began.

In the face of new and material evidence, and good cause existing for not presenting that evidence to the ALJ, a Court may issue a so-called "sentence six remand" pursuant to 42 U.S.C. § 405(g). "[T]he materiality standard requires that there be a reasonable possibility that the new evidence would have changed the outcome of the Secretary's determination." Szubak v. Secretary of Health & Human Services, 745 F.2d 831, 833 (3d Cir. 1984). Accordingly, evidence is not material if it does not relate to the time period for which benefits were denied.

---

[1] Plaintiff complains that the ALJ should not have relied on the opinion of Dr. Reardon, as that opinion predated various medical records. The ALJ, however, specifically stated that he "added additional physical limitations… based on newer evidence not available to Dr. Reardon…."

4

Dunson v. Comm'r Soc. Sec., 615 Fed. Appx. 65, 68 (3d Cir. Pa. 2015). [2] The burden of demonstrating materiality and good cause rests on the claimant. Parks v. Astrue, 2009 U.S. Dist. LEXIS 126095, at *22 (E.D. Pa. Dec. 18, 2009)

I note, first, that Plaintiff merely attaches Social Security Administration Documents relating to the 2015 Award, and argues that the new evidence relied on therein justifies remand. Plaintiff does not specify which particular evidence should be deemed new and material; likewise, the Explanation of Determination of the 2015 Award does not offer any indication of which evidence was material to its conclusion that Plaintiff was disabled on August 23, 2012. Because the Explanation of Determination lists only the dates of "reports received" for each piece of evidence, and those dates appear unrelated to the dates on which the evidence itself was generated, I am unable to conduct a complete assessment of materiality, novelty, and good cause, as required by applicable standards.[3]

Nonetheless, the evaluation made possible by the record leads to the conclusion that Plaintiff has not met those standards. To the extent that the second decision relied on documents dated prior to the ALJ's decision, which were not presented to the ALJ, those documents are not new, and Plaintiff has not offered any explanation for a failure to present such documents to the ALJ. To the extent that Plaintiff relies on reports that, as he broadly asserts, "didn't exist" prior to the ALJ hearing, I will assume for present purposes that they are new and that Plaintiff had good cause for failing to present them to the ALJ. However, it appears that several of these are

---

[2] In addition, the subsequent decision that a claimant is disabled is not itself "new and material" evidence warranting remand. Newman v. Comm'r of Soc. Sec., 2014 U.S. Dist. LEXIS 46398 (D.N.J. Apr. 2, 2014).

[3] For example, the Explanation of Determination notes Dr. Zagger's report as received on 10/9/15, but the record contains only Dr. Zagger's report dated 1/14/15. As a result, some of the evidence is untraceable in the record; for example, there is no way of knowing which evidence is referred to by the notation, "ATTORNEY-SUPPLIED EVIDENCE, reports received 10/14/2015, 09/03/2015, 04/01/2015." As another example, the Explanation of Determination refers to a report received 10/10/15 from Tri Rivers Musculoskeletal. The Court Transcript Index lists no record from that facility. I decline to comb through the 935-page record in order to determine whether it contains any such record.

not material, as they facially do not relate to the time period for which benefits were denied. Instead, the physical capacity evaluation completed by Dr. Zaggers, as well as the assessment completed by Dr. Humphreys and Ms. Pearson, both completed post-hearing, specifically relate to Plaintiff's "current" condition on the date on which the forms were completed. Moreover, the record suggests that Plaintiff was not treated at Glade Run Lutheran Services, as well as by Dr. Zagger, until after the ALJ's decision. As regards other potentially new evidence on which the 2015 Award was based, I cannot definitively determine the nature or chronology of that evidence, and thus cannot conduct the required evaluation. In sum, the new decision, and the evidence on which it relies, is insufficient grounds for remand or reversal on the present state of the record.

## CONCLUSION

While Plaintiff's argument appeals to one's sense of justice, it does so in vain, as applicable standards do not allow for overruling the ALJ's determination here. In sum, Plaintiff's Motion will be denied, and Defendant's granted. An appropriate Order follows.

## ORDER

AND NOW, this 6th day of October, 2016, it is hereby ORDERED, ADJUDGED, and DECREED that Plaintiff's Motion is denied, and Defendant's granted.

BY THE COURT:

/s/Donetta W. Ambrose

Donetta W. Ambrose

Senior Judge, U.S. District Court